UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RYAN M.,

                    Plaintiff,                          Case No. C25-2113-MLP

        v.                                              ORDER

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

## I.    INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends that the administrative law judge ("ALJ") erred by misevaluating the medical opinion evidence. (Dkt. # 11.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 15.) Plaintiff filed a reply. (Dkt. # 16.) Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

ORDER - 1

## II.    BACKGROUND

Plaintiff was born in January 1989, has a high school education, and has worked as a field technician. AR at 32, 221. Plaintiff was last gainfully employed in 2022. *Id.* at 221. In October 2023, Plaintiff applied for benefits, alleging disability as of May 2023. *Id.* at 17. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* After the ALJ conducted a hearing in August 2025, the ALJ issued a decision finding Plaintiff not disabled. *Id.*

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, Plaintiff has the severe impairments of depressive disorder; anxiety disorder; and Bell's palsy with mild vision impairment. AR at 20. He has the residual functional capacity ("RFC") to perform medium work with additional exertional and non-exertional limitations, and he can only occasionally interact with the public; but have frequent interaction with coworkers. *Id.* at 22.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

## III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this

---

[2] 20 C.F.R. § 404.1520.

ORDER - 2

standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## IV.   DISCUSSION

### A.   The ALJ Did Not Err in Evaluating Medical Evidence

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 404.1520c(a)-(c). These findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

#### 1.   Peter Reiss, M.D.

Dr. Reiss began treating Plaintiff in October 2024. AR at 1162. He opined that Plaintiff was limited in his concentration, persistence, pace, attendance, social functioning, and memory, and that he would struggle with fatigue due do his insomnia. *Id.* at 1162-67. The ALJ considered Dr. Reiss's opinion and discounted it as unsupported and inconsistent with the overall medical record. *Id.* at 26-27. Plaintiff argues the ALJ erred because his opinion was not based solely on

ORDER - 3

insomnia, Plaintiff consistently presented with a depressed and anxious mood, and the longitudinal record reflects many consistent mental health abnormalities. (Dkt. # 11 at 3-8.)

The ALJ found that Dr. Reiss's opinion was unsupported by his own limited treatment notes, which documented largely normal mental status exams ("MSEs") and improvement with treatment. AR at 26 (citing *id.* at 1182-84 ("Memory Intact; Attention Good; Thought Content Normal; Thought Process Normal; Perception Normal; Speech Normal; Interview Behavior Appropriate"), 1212-14 ("He attributes his improved mood to having had less abdominal pain, which he noticed improving about 3 to 4 days after starting duloxetine and gabapentin . . . He requested to also continue amitriptyline, which he says has been helping significantly with his insomnia."); *see also Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("evidence of medical treatment successfully relieving symptoms can undermine a claim of disability."). The ALJ further found that Plaintiff's subsequent worsening mental health was attributable to situational exacerbation caused by the death of his father. AR at 26-27.

Plaintiff has not shown that the ALJ's interpretation of this evidence was unreasonable. Dr. Reiss opined that Plaintiff's insomnia was only partially controlled and could "have a significant impact on his daily functioning. This would make it very difficult for him to maintain a full time work schedule, and to perform at a job with acceptable functioning, especially on a consistent basis." AR at 1167. The ALJ reasonably concluded that this opinion was unsupported by Dr. Reiss's notes, which indicated significant improvement with treatment. An ALJ may discount a medical opinion based on contradictions between the opinion and the physician's own notes. *Buck v. Berryhill*, 869 F.3d 1040, 1050 (9th Cir. 2017). The opinion that Plaintiff would struggle with remembering tasks and maintaining attention was similarly undermined by examinations showing intact memory and good attention.

ORDER - 4

Moreover, Plaintiff does not engage with the contradiction the ALJ identified in the longitudinal record, which showed intact memory, attention, cognitive functioning, and appropriate and cooperative behavior, *despite* the abnormalities he cites as supporting Dr. Reiss's opinion. *See* AR at 27; (dkt. # 11 at 7). Accordingly, the ALJ did not err in evaluating Dr. Reiss's opinion.

2.      *Blake Thompson, LMHC*

The ALJ considered LMHC Thompson's opinion and discounted it as unsupported and inconsistent with the overall medical record. AR at 27-28. Plaintiff argues the ALJ erred because, contrary to the ALJ's finding, at every visit LMHC Thompson noted abnormalities on Plaintiff's MSE, the record does not show the improvement the ALJ relied on, and Plaintiff's activities did not contradict the opinion. (Dkt. # 11 at 8-11 (citing AR at 1033, 1036, 1039, 1042, 1046, 1048, 1050, 1080, 1185, 1215, 1217, 1219, 1224, 1226, 1228).)

Plaintiff has not shown error in the ALJ's reasoning. The ALJ found that LMHC Thompson's opinion that Plaintiff had problems with his memory, concentration, personal neatness, cleanliness. and ability to interact with others was contradicted by treatment notes showing intact memory, good attention, appropriate interpersonal behavior, appropriate affect, and normal appearance, despite a "mixed" mood. AR at 27 (citing *id.* at 1033, 1036, 1039, 1050, 1180, 1215, 1217). The ALJ further discounted this opinion because LMHC Thompson only began noting memory deficits after completing the opinion form for Plaintiff, and did not provide any detail regarding the nature of those deficits. *Id.* at 27-28. Plaintiff's citations to MSEs showing abnormality in mood and thought content do not establish error in the ALJ's reasoning, which acknowledged these findings.

ORDER - 5

Contrary to Plaintiff's argument, the ALJ did not solely rely on the notation that Plaintiff's treatment plan objective was "making progress" to determine that his symptoms improved with medication. (*See* Dkt. # 11 at 9.) It was reasonable for the ALJ to find that LMHC Thompson's clinical notes—indicating that Plaintiff's emotional state had "improvement recently as new meds have been helping with pain"—contradicted his opinion, for the reasons discussed above.

It was also reasonable for the ALJ to conclude that the opined limitations in Plaintiff's ability to interact with friends and family were contradicted by his trip to Las Vegas with his friends. AR at 27 (citing *id.* at 1048). Although Plaintiff and his partner testified at the hearing that the trip needed to be cut short due to his mental health symptoms, *see id.* at 49, 61, the ALJ discounted Plaintiff's testimony and Plaintiff does not challenge that finding.

Plaintiff lastly argues that the ALJ's finding of inconsistency with the longitudinal record was improper "for the same reasons it was improper to reject Dr. Reiss's opinion." (Dkt. # 11 at 10.) For the reasons stated above, the Court disagrees. Accordingly, the ALJ did not err in evaluating LMHC Thompson's opinion.

### V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 8th day of May, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 6